**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

May 16, 2005

**NOT FOR PUBLICATION**

**LETTER-OPINION & ORDER**

George Michael Doumit
409 Washington Street, # 124
Hoboken, NJ 07030

Edward J. Florio
Florio & Kenny, LLP
100 Hudson Street
P.O. Box 771
Hoboken, NJ 07030

Joseph A. Pojanowski
Pojanowski & Trawinski, P.C.
1135 Clifton Avenue – Suite 206
Clifton, NJ 07013

**Re: Doumit v. Weichert Realtors, et al.**
**Civil Action No.: 04-CV-4319 (JLL)**

Dear Counsel:

This matter is before the Court on the motion of defendants to dismiss under Federal Rules of Civil Procedure 8(a) and 12(b)(6). The Court has considered the submissions in support of and in opposition to this motion. There was no oral argument. See Fed. R. Civ. P. 78. For the reasons set forth below, defendants' motion is GRANTED.

Plaintiff's Amended Complaint amounts to an incomprehensible litany of generic criminal offenses and vicious personal insults. For example, plaintiff accuses defendants of "Abduction(s), Kidnapping(s) ... criminal violence ... and various Mob Tactics Of Organized Crime." (Am. Compl. at 9 (emphasis in original).) He asserts that defendant Ricciardi is "nothing more than a used car salesman wandering alcoholic womanizer ... an Extremely Violent

Career Criminal Racketeer ... a desperate Semi-Homeless STALKER & FRAUD ARTIST [and] a Child Molester." (Id. at 12-13 (emphasis in original).) Nowhere in his twenty-one-page Amended Complaint does plaintiff plead a single factual occurrence with any particularity whatever.

Rule 8(a) requires plaintiff to include in his pleading "a short and plain statement of the claim showing that [he] is entitled to relief." Plaintiff has failed to carry this burden. See Simmerman v. Corino, 804 F. Supp. 644, 648 (D.N.J. 1992) (Rule 8's undemanding "concept of notice pleading was not intended to do away with factual pleading altogether"). Plaintiff's Amended Complaint, as evidenced by the snippets set forth above, "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," and his pleading may be dismissed on these grounds alone. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (internal quotes and citation omitted).

This Court may also dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In the instant matter, based on the manner in which plaintiff has pled, it cannot be said that relief can be granted. See Klein v. Gen. Nutrition Cos., 186 F.3d 338, 342 (3d Cir. 1999). Plaintiff has asserted no cognizable facts, and defendants' motion may thus be granted on these grounds as well.[1]

The Court appreciates that plaintiff is proceeding pro se, and that his pleading must therefore be held by this Court to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972); however, this does not relieve him of his duty to obey the Federal Rules. See Galvan v. Cameron Mut. Ins. Co., 831 F.2d 804, 805 (8th Cir. 1987). For all the aforesaid reasons, this action is DISMISSED.[2]

SO ORDERED.

/s/ Jose L. Linares
United States District Judge

---

[1]The Court concludes that any future amendment would be futile. This conclusion is reinforced by the fact that plaintiff has already once amended his "allegations" to no avail. The Court also recognizes the outcomes of plaintiff's other failed actions in the District of New Jersey. See, e.g., Doumit v. Publishers Circulation Fulfillment, Inc., et al., No. 04-2647 (JWB) (D.N.J. Mar. 30, 2005) (dismissing plaintiff's complaint with prejudice and denying leave to amend on the grounds of futility).

[2]The Court notes that not all defendants appear to have joined this motion. Nevertheless, the reasons for this dismissal apply with equal force to all defendants. This Order extends to the entire action.